## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>DANIEL BRIAN BURKE,<br><br>　　　　　　Defendant. | CR 19–14–M–DLC<br><br><br>ORDER |

Following a mistrial in this matter, trial was reset for July 6, 2020.  On June 30, 2020, the Court held a telephonic status conference on the record, with counsel for both parties attending.  Counsel for both parties agreed on the record that it was appropriate to reset trial for a later date in light of the current global health crisis occasioned by COVID-19.  The United States now moves the Court to make specific findings as to why the trial was vacated pursuant to 18 U.S.C. § 3161(h)(7).  Defendant Daniel Brian Burke does not object.

A district court may grant a continuance and exclude the time period of the continuance from the calculation of the speedy trial deadline when "the ends of justice served by [the continuance] outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  In determining whether an "ends of justice continuance" is appropriate, a district court must consider, inter

–1–

alia, whether the failure to grant the continuance will result in a miscarriage of justice; whether the case is unusual or complex that it is unreasonable to expect adequate preparation within the time limits imposed by the Speedy trial Act; and whether the case, while not unusually complex or unusual, would nonetheless deny counsel the reasonable time necessary for effective preparation.  18 U.S.C. § 3161(h)(7)(B).  An "ends of justice continuance . . . must be specifically limited in time [and] must be justified on the record with reference to the facts as of the time the delay is ordered."  *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997).  Any additional time is properly excluded under the Speedy Trial Act "only if the district court makes certain findings enumerated in [§ 3161(h)(7)]."  *Bloate v. United States*, 559 U.S. 196, 203 (2010).

Burke has been charged by Indictment with one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and six counts of aiding and assisting in the subscribing to a false document, in violation of 26 U.S.C. § 7206.  He has not been in custody at any time over the course of these proceedings.

An ends of justice continuance until the previously set trial date of October 13, 2020 is appropriate given the COVID-19 pandemic.  Numbers of COVID-19 cases continue to rise in Montana and elsewhere.  Witnesses for the United States must travel from Seattle, Washington and Phoenix, Arizona, which are current "hot spots."  Absent an extended trial setting, the United States and Burke will not be

able to effectively prepare for trial, as they represented on the record during the Court's June 30, 2020 scheduling conference.   Further, in order to select jurors, the Court must bring in a large group of individuals.

Failure to continue the case until October 13, 2020 would deny counsel for both parties the reasonable time necessary for effective preparation and result in a miscarriage of justice.  By October 2020, the Court and parties will be more fully informed about the trend of the pandemic and how best to address any further concerns.  The best interests of the public and the defendant, who remains released, are served by an extended trial setting.  Moreover, given that the Indictment concerns events related to the tax years 2011 through 2013, the Court finds that this relatively short delay is unlikely to affect the fairness of the proceedings. During the first trial in this matter, the parties presented extensive documentary and testimonial evidence, and there is therefore no risk that evidence will be lost between now and October.

An ends of justice continuance is warranted until the new trial date of October 13, 2020.  Burke does not oppose the United States' Motion for Speedy Trial Act Findings of Excludable Delay, and the motion (Doc. 164) is GRANTED.

DATED this 21st day of July, 2020.

Dana L. Christensen, District Judge
United States District Court