IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL BRIAN BURKE,<br><br>Defendant. | CR 19–14–M–DLC<br><br><br>ORDER |

Before the Court is Defendant Daniel Brian Burke's Motion in Limine. (Doc. 173.)  Mr. Burke asks this Court to exclude at trial, testimony and evidence which "references . . . [his] advice regarding personal property taxes." (*Id.*)  The Court will enter a preliminary ruling on this motion, subject to renewal at trial if such evidence is offered.

## BACKGROUND

Mr. Burke is charged with one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371 and six counts of aiding and assisting the subscribing to a false document in violation of 26 U.S.C. § 7206(2).  (*See generally* Doc. 1.)  The original trial in this matter was held from June 1, 2020 to June 5, 2020 and ended in a mistrial.  (Doc. 119.)

On the second day of trial, the Court admitted into evidence as Exhibit 72a,

1

over Mr. Burke's objection,[1] a video interview between Mr. Burke and IRS Special Agent Tom Klepper. (Doc. 174-1 at 2.) The admission of a portion of this video was subject to a limiting instruction, which stated:

> All right. Ladies and gentlemen of the jury, I'm going to give you a limiting instruction regarding a portion of the transcript that you are about to hear. And it extends in my copy of the transcript for about 13 pages. I'm not gonna stop at a certain point and say the limiting instruction no longer applies because I'm going to tell you the portion of this to which the limiting instruction does apply.
>
> You are about to hear testimony -- and this is the Court's Trial Instruction 2. You are about to hear testimony regarding the manner in which the Baumgardners treated their personal property for state taxation purposes. This evidence of other acts will be admitted only for limited purposes.
>
> You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, opportunity, preparation, plan, knowledge, absence of mistake, or absence of accident and for no other purpose. Do not consider this evidence for any other purpose. Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves but only for the limited purposes that I describe to you.
>
> The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crimes charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed the other acts, he must also have committed the acts charged in the indictment.

---

[1] Specifically, the Court overruled Mr. Burke's Rule 403 objection, finding that the evidence's materiality was not substantially outweighed by its prejudicial effect. (Trial Tr. Day 2 at 17–18.)

> Remember that the defendant is on trial here only for the charges listed in the indictment, not for these other acts. Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

(*Id.* at 3–5.) During the video, Mr. Burke discusses his handling of certain state personal property tax issues for the Baumgardners. (*Id.* at 7–8.) At one point, Mr. Burke likens his approach to state personal property tax issues to getting away with murder. (*Id.*) Mr. Klepper subsequently testified regarding his interpretation of this portion of Exhibit 72a, insinuating that Mr. Burke had engaged in unlawful conduct with respect to the Baumgardners state personal property taxes. (*Id.* at 7–8.) Mr. Burke did not object to this testimony.

Mr. Burke now asks the Court to exclude from evidence the portion of Exhibit 72a extending from minute 25:20 to minute 35:18. (Doc. 174 at 7.) Additionally, Mr. Burke seeks the blanket exclusion of all witness testimony regarding "state personal property tax issues." (*Id.*) Mr. Burke argues that such evidence is inadmissible under Rule 404(b) and otherwise excludable under Rule 403. (*Id.* at 4–7.) The United States objects to the exclusion of this evidence arguing that it falls within the inextricably intertwined doctrine and is therefore not subject to Rule 404(b) and even if this were not the case it constitutes proper Rule 404(b) evidence. (Doc. 176.)

## ANALYSIS

"A motion in limine is a procedural mechanism to limit in advance

testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Such motions do not "resolve factual disputes or weigh evidence" but rather focus on whether the evidence at issue is "inadmissible on all potential grounds." *United States v. Meech*, 2020 WL 5517029, * 4 (D. Mont. Sept. 14, 2020). In adjudicating motions in limine, this Court is afforded broad discretion. *Id.* "However, in limine rulings are not binding" and this Court "may always change [its] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000). Indeed, specific evidentiary rulings are often best made in the context of a trial.

As a starting point, this Court notes that only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Even if relevant, the Federal Rules of Evidence preclude admission of other acts evidence "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Such evidence is admissible, however, "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* 404(b)(2). A four-part test governs the admissibility of evidence under Rule 404(b). *United States v. Cox*, 963 F.3d 915, 924 (9th Cir.

2020).

Under that test, other acts evidence is admissible if: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *Id.* If the evidence meets this test, then this Court "must decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403." *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012).

The Rule 404(b) inquiry need not be undertaken, however, if the evidence regarding the other acts is "inextricably intertwined" with the evidence regarding the crime charged. *United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987). There, such inextricably intertwined evidence should not be treated as other acts evidence under Rule 404(b) because the "policies underlying the rule are simply inapplicable when some offenses committed in a single criminal episode become 'other acts' [only] because the defendant is indicted for less than all of his actions." *Id.* In short, the "doctrine applies when the acts in question are so interwoven with the charged offense that they should not be treated as other crimes or acts for purposes of Rule 404(b)." *United States v. Loftis*, 843 F.3d 1173, 1177 (9th Cir. 2016).

The cases in which the inextricably intertwined doctrine applies can be split

into two general categories. *Id.* First, is when the evidence "constitutes a part of the transaction that serves as the basis for the criminal charge." *Id.* at 1177–78. This occurs when "it is clear that particular acts of the defendant are part of, and thus inextricably intertwined with, a single criminal transaction." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995). More precisely, "[t]here must be a sufficient contextual or substantive connection between the proffered evidence and the alleged crime to justify exempting the evidence from the strictures of Rule 404(b)." *Id.* at 1013.

This category is most frequently invoked in conspiracy cases "to show the background and development of the conspiracy." *United States v. Serang*, 156 F.3d 910, 915 (9th Cir. 1998). This includes other acts evidence that explains the nature of the conspiratorial relationship and the manner in which the conspiracy was undertaken. *Id.* at 915–16. In other words, in conspiracy cases, evidence of other conspiratorial undertakings necessarily constitutes a part of the transaction forming a basis for the charged conduct. *Id.; see also United States v. Rizk*, 660 F.3d 1125, 1131–32 (9th Cir. 2011).

Second, are cases where the evidence is necessary "to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *Loftis*, at 1178. This includes evidence that establishes an ongoing relationship with other actors in the case or to rebut a defendant's claims that they

6

were unaware of the criminal conduct at issue. *See United States v. Beckman*, 298 F.3d 788, 794 (9th Cir. 2002). It also includes evidence that shares an "important factual connection" with the charged crimes. *United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004).

Before embarking on its analysis, the Court must discuss the evidence that is at issue. Mr. Burke appears to argue against the admission of two forms of evidence. First, there is the portion of Exhibit 72a in which Mr. Burke discusses the handling of state property tax issues with Mr. Klepper. Second, there is Mr. Klepper's follow-up testimony regarding his interpretation of that discussion. The Court finds that both forms of evidence meet the general relevancy threshold necessary to entertain admission. As discussed below, the evidence at issue renders its more or less probable that Mr. Burke engaged in the criminal behavior alleged in the indictment. Ultimately, given other evidentiary considerations, the Court will conclude that the first category of evidence remains admissible while the second category should be excluded.

The contested portion of Exhibit 72a falls squarely within the inextricably intertwined doctrine. First, evidence regarding Mr. Burke's handling of the Baumgardner's state taxation matters is inextricably intertwined with the federal offenses for which he is currently charged. Specifically, Mr. Burke's handling of state taxation matters for the Baumgardner's—whether illegal or not—constitutes

7

highly probative evidence regarding their relationship.  Mr. Burke has been charged with six counts of aiding and assisting the Baumgardner's in filing false tax returns.  As such, the evidence at issue illustrates the development of this alleged criminal enterprise designed to lessen the Baumgardner's tax burden at both the state and federal levels.  In short, Mr. Burke's handling of the Baumgardner's federal taxes, which is the focal point of the conduct charged in the indictment, is not so separate and distinct from his handling of their state taxes so as to divorce it from the alleged criminal conduct at issue.

Second, the evidence is necessary to permit the United States to offer a coherent and comprehensible story of Mr. Burke's allegedly criminal conduct.  Specifically, the evidence establishes Mr. Burke's intimate handling of the Baumgardner's taxes (both state and federal) and extensive knowledge of their business operations.  The evidence provides a complete picture of Mr. Burke's relationship with the Baumgardners and his central role in the assessment of their tax liability and preparation of required tax forms.  As such, the Court finds that the portion of Exhibit 72a Mr. Burke seeks to have excluded is inextricably intertwined with the charged crime and thus outside the evidentiary confines of Rule 404(b).

However, because there is "nothing wrong with . . . alternative ruling[s]," the Court will proceed to address whether the evidence would be admissible under

Rule 404(b) assuming it did not fall within the inextricably intertwined doctrine. *United States v. Rrapi*, 175 F.3d 742, 749 (9th Cir. 1999). Turning to the four-part test governing the admission of Rule 404(b) evidence, the Court first concludes that the evidence contained in the contested portion of Exhibit 72a tends to prove a material point. Specifically, the portion of Exhibit 72a at issue can permissibly be admitted under Rule 404(b) to prove, at a minimum, intent, knowledge, and identity. The evidence at issue establishes that Mr. Burke: (1) strived to lessen the Baumgardner's tax burden often in a dubious manner; (2) had intimate knowledge of the Baumgardner's business operations and tax-related issues; and (3) was the professional tasked with preparing the Baumgardner's state and federal taxes.

Second, the Court does not find, and the parties do not seem to argue, that the other acts evidence is too remote in time to be admitted under Rule 404(b). Indeed, remoteness is a flexible concept in the Rule 404(b) context and no particular timeline by which acts become too remote for admission has been established in the Ninth Circuit. *United States v. Vo*, 413 F.3d 1010, 1018–19 (9th Cir. 2005). Third, because the evidence at issue stems from Mr. Burke's own admissions, the Court finds that the contested portion of Exhibit 72a sufficiently establishes Mr. Burke committed the other acts in question.

Finally, as discussed above, the other acts in question and the offense charged share sufficient similarities and thus satisfy the final Rule 404(b) inquiry.

In short, the Court concludes that the contested portion of Exhibit 72a would be admissible under Rule 404(b) even if this Court found the inextricably intertwined doctrine was inapplicable.

Finally, with respect to the portion of Exhibit 72a at issue, the Court does not find that its probative value is substantially outweighed by the danger of unfair prejudice so as to require exclusion under Rule 403. Not only is the evidence highly probative of various issues in this case, but the Court's use of a limiting instruction, as it did in the original trial, will effectively minimize any prejudicial effect. *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995). Based on the foregoing, Mr. Burke's motion in limine to exclude the identified portion of Exhibit 72a will be denied.

The Court now addresses the issue of Mr. Klepper's testimony on this same subject. The ruling Mr. Burke seeks is a broad one, and much of the analysis outlined above could be applicable to witness testimony regarding the Baumgardner's state personal property taxes. The critical question, however, is whether the Court should exclude the sort of testimony offered by Mr. Klepper during the original trial. There, after the playing of the contested portion of Exhibit 72a, Mr. Klepper provided considerable testimony regarding his interpretation of Mr. Burke's statement that his approach to the Baumgardner's state personal property taxes amounted to getting away with murder. (Doc. 174-1

at 7–8.) Essentially, Mr. Klepper testified that in his view, Mr. Burke was stating that he had engaged in illegal activity by avoiding the assessment of state personal property taxes. (*Id.*)

The Court finds that the probative value of this sort of testimonial evidence is substantially outweighed by its danger of unfair prejudice. Not only is the legality of Mr. Burke's approach to state personal property taxation uncertain, but Mr. Klepper's testimony unduly approaches the sort of propensity evidence prohibited by Rule 404(b). The probative value of Mr. Klepper's testimony that, in his view, Mr. Burke possibly engaged in the unlawful evasion of state personal property taxes rests predominately on the notion that he possess the propensity to engage in the unlawful conduct related to federal taxation at issue here. The Court also believes that any interpretation of Mr. Burke's statements should be reserved to the jury, the ultimate fact finder in this case. The Court will exclude testimony by Mr. Klepper interpreting Mr. Burke's statements in the contested portion of Exhibit 72a previously admitted.

This does not mean, however, that all testimonial evidence regarding Mr. Burke's handling of state personal property taxes would be inadmissible. Some testimonial evidence analogous to the sort contained in Exhibit 72a may be admissible for the reasons outlined above. The Court is only excluding interpretation evidence of the kind provided by Mr. Klepper during the first trial.

Accordingly, IT IS ORDERED that Mr. Burke's motion (Doc. 173) is GRANTED in part and DENIED in part as set forth previously in this Order, subject to renewal at trial if such evidence is actually offered.

DATED this 15th day of October, 2020.

Dana L. Christensen, District Judge
United States District Court